32 C.C.P.A. (Patents)

### Application of PARKER.

### Patent Appeal No. 4987.

Court of Customs and Patent Appeals.
April 9, 1945.

Mason & Porter, of Washington, D. C. (Charles J. Diller, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claim 1 in appellant's application for a patent for an alleged invention relating to improvements in a tube and protective sleeve assembly.

Four claims, Nos. 2, 3, 4, and 5, were allowed by the board.

The rejected claim reads:

"1. A tube element assembly comprising a metal tube to be coupled, and a thin flexible metal protective sleeve surrounding said tube at one end and including a flared portion opposed to the end portion of the tube, opposed wall portions of said tube and sleeve being engaged in permanent intimate wall-to-wall contact, and said tube being flared against the flare of the sleeve."

The Primary Examiner cited the following references:

Stover, 1,862,833, June 14, 1932;
Parker, 1,893,442, January 3, 1933;
Barradell (Br.), 410,312, May 17, 1934.

In rejecting the claim here on appeal, the board relied solely upon appellant's reference patent (Parker, 1,893,442, Jan. 3,

1933). In view of our conclusion, the Parker reference is the only one which need be given consideration here.

It will be observed that the quoted claim calls for a tube and sleeve assembly comprising a metal tube and a thin flexible metal protective sleeve which surrounds the tube at one end. The sleeve has a flared portion opposed to a flared end portion of the tube. The opposed wall portions of the tube and sleeve are, as stated in the claim, "engaged in permanent intimate wall-to-wall contact."

Appellant states in his application that the purpose of his improved tube and protective sleeve is to "gradually dampen vibrations in the tube when coupled and thereby minimize tube breakage." It is further stated in appellant's application that—

"When the sleeves *loosely* surround the tubes, vibration has caused breakage at the base of the tube flares, or in other words, at the juncture of the tube proper and the flared end portion thereof. When it was attempted to remedy this condition by rendering the sleeves *tight* about the tubes *throughout the length of the sleeves,* vibration thus suddenly dampened at the sleeve ends resulted in breakages at that point.

"Therefore, it is an object of the present invention to provide a novel tube and protective sleeve assembly in which the tube and sleeve are in *permanent intimate wall to wall contact throughout a portion only of the length of the sleeve* and including the tube end flare base, thereby causing tube vibrations to be dampened gradually in the sleeve and well above the tube end flare base." (Italics ours.)

It may be stated at this point that each of the allowed claims contains the limitation that the opposed wall portions of the tube and sleeve are engaged in permanent intimate wall-to-wall contact "extending throughout a *substantial portion of but less than the whole length of the sleeve.*" (Italics not quoted.) It is that feature which appellant states in his application gradually dampens vibrations and prevents breakage, and it was that feature which the board relied upon in holding the allowed claims patentable over the references of record.

It will be observed that the appealed claim does not contain that limitation.

Appellant's reference patent relates to tube couplings, and discloses the several elements employed in the tube and sleeve assembly here involved. It is stated in the patent that: "The inner diameter of this sleeve * * * [the sleeve surrounding the tube] is *substantially* the same as the outer diameter of the tube, *although a tolerance or clearance may be provided if desired.*" (Italics ours.)

In holding that the claim here on appeal was not patentable over appellant's patent, the board, in its original decision, stated that it "does not preclude" the "structure" disclosed in the quoted excerpt from the patent.

In a decision rendered subsequent to appellant's request for reconsideration of its original decision, the board stated that the quoted excerpt from appellant's patent clearly indicated that there might be either a tight or loose fit between the opposed wall portions of the tube and sleeve; that, if there was a tight fit, "a more or less permanent contact would be provided"; and that the permanency of the contact was not "a material factor in the present invention."

It is argued here by counsel for appellant that in reaching its conclusion the board ignored or misinterpreted the word "substantially" in the quoted excerpt from appellant's patent, and that, as we understand the argument of counsel, by the use of the term "substantially" the patentee intended to state that there was a tolerance or clearance between the tube and sleeve.

■ It is evident, we think, from its decision that the board interpreted the word "substantially" in the first clause of the quoted excerpt in the light of the second clause, which reads: "although a tolerance or clearance might be provided if desired," and held that the plain meaning of the quoted excerpt is that there might be either a tight or loose fit between the inner surface of the sleeve and the outer surface of the tube.

We are in accord with those views. Obviously, if it was the patentee's purpose to state that the inner diameter of the sleeve and the outer diameter of the tube were only substantially the same and that a tight fit was not intended, there certainly was no occasion for stating that a tolerance or clearance might be provided if desired.

■ It is true, as argued by counsel for appellant, that in Fig. 2 of appellant's patent the sleeve surrounds the tube rather loosely, and it may be, as counsel state, that the couplings disclosed in appellant's pat-

ent have always been manufactured with the sleeve loosely surrounding the tube. However, we think it is clear that one skilled in the art, following the teachings in the quoted excerpt from the patentee's specification, might well construct the coupling disclosed in the patent so as to have a tight fit between the sleeve and tube. That being so, the limitation in the appealed claim that the opposed wall portions of the tube and sleeve are "engaged in permanent * * * contact" does not lend patentability to the claim.

We have carefully considered the arguments presented here by counsel for appellant, but are of opinion that the appealed claim is not patentable over the disclosure in appellant's patent.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.